## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**VLADISLAV KLIUSHIN (a/k/a VLADISLAV KLYUSHIN), NIKOLAI RUMIANTCEV (a/k/a NIKOLAY RUMYANTCEV), MIKHAIL IRZAK, IGOR SLADKOV, and IVAN YERMAKOV (a/k/a IVAN ERMAKOV),**<br><br>**Defendants.** | **Case No. 1:21-cv-12088-DLC** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

David S. Mendel
James P. Connor
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-4418 (Mendel)
Tel: (202) 551-8394 (Connor)
MendelD@sec.gov
ConnorJ@sec.gov

Dated:  February 11, 2022                    *Counsel for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

STATEMENT OF FACTS ............................................................................................................1

APPLICABLE LAW .....................................................................................................................3

ARGUMENT ................................................................................................................................5

I.       Service Pursuant to Rule 4(f)(1) or (2) Is Not Available Here. ...........................................5

II.     Service By Alternative Means Under Rule 4(f)(3) Is Proper In This Case. .......................6

        A.      International Law Does Not Prohibit Either Form of Alternative Service Requested Herein. .................................................................................................7

        B.      The Requested Forms of Alternative Service Will Provide Constitutionally Sufficient Notice of the SEC's Complaint. ............................................................9

               1. Email Service Will Provide Constitutionally Sufficient Notice .........................9

               2. Service by Publication Will Provide Constitutionally Sufficient Notice..........12

CONCLUSION.............................................................................................................................14

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*AMTO, LLC v. Bedford Asset Mgmt., LLC*,
   No. 14-CV-9913, 2015 WL 3457452 (S.D.N.Y. June 1, 2015).......................................6, 8, 10

*Angiodynamics, Inc. v. Biolitect AG*,
   780 F.3d 420 (1st Cir. 2015) ................................................................................................4

*Angiodynamics, Inc. v. Neuberger*,
   No. 18-cv-30092-MGM, 2018 WL 5792321 (D. Mass. Nov. 5, 2018) ......................................4

*Bazarian Int'l Fin. Assocs., LLC, v. Desarrollos Aerohotelco, C.A.*,
   168 F. Supp. 3d 1 (D.D.C. 2016) ..............................................................................................10

*Bidonthecity.com LLC v. Halverston Holdings Ltd.*,
   No. 12-cv-9258, 2014 WL 1331046 (S.D.N.Y. Mar. 31, 2014) ................................................6

*BP Products North America, Inc. v. Dagra*,
   236 F.R.D. 270 (E.D. Va. 2006) ...............................................................................................9

*Elsevier, Inc. v. Chew*,
   287 F. Supp. 3d 374 (S.D.N.Y. 2018) ......................................................................................11

*Fendi Adele, S.r.l. v. 1n1qualitybag.com*,
   No. 16-cv-60113, 2016 WL 8710784 (S.D. Fla. Mar. 29, 2016)................................................9

*Forum Fin. Grp. LLC v. President and Fellows of Harvard College, et al.*,
   199 F.R.D. 22 (D. Me. 2001) ................................................................................................4, 6

*FTC v. PCCare247 Inc.*,
   No. 12-cv-7189 PAE, 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013)...........................................10

*FTC v. Pecon Software Ltd.*,
   No. 12-cv-7186, 2013 WL 4016272 (S.D.N.Y. Aug. 7, 2013)...................................................8

*Gurung v. Malhotra*,
   279 F.R.D. 215 (S.D.N.Y. 2011) ...............................................................................................8

*Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*,
   No. 2:173-CV-458, 2013 WL 1644808 (W.D. Pa. Apr. 16, 2013)................................5, 8, 11

*In re Heckmann Corp. Secs. Litig.*,
   No. 10-378-LPS-MPT, 2011 WL 5855333 (D. Del. Nov. 22, 2011). ......................................11

*Juniper Networks, Inc. v. Bahattab*,
   No. 07-cv-1771, 2008 WL 250584 (D.D.C. Jan. 30, 2008) ....................................................... 10

*Kaplan v. Hezbollah*,
   715 F. Supp. 2d 165 (D.D.C. 2010) ........................................................................................... 12

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
   265 F.R.D. 106 (S.D.N.Y. 2010) ................................................................................................. 4

*Marcantonio v. Primorsk Shipping Corp.*,
   206 F. Supp. 2d 54 (D. Mass. 2002). .......................................................................................... 4

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) .................................................................................................................... 7

*Rio Props. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) .......................................................................................... passim

*Russell Brands, LLC v. GVD Int'l Trading, SA*,
   282 F.R.D. 21 (D. Mass. 2012) .............................................................................................. 6, 7

*SEC v. Anticevic*,
   No. 05-cv-6991, 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009) ......................................... 4, 6, 12

*SEC v. Craven*,
   No. 15-mc-0004, 2015 WL 9275741 (W.D. Kent. Dec. 18, 2015) ............................................. 8

*SEC v. Dubovoy*,
   No. 15-cv-6076, 2016 WL 7217607 (D.N.J. Dec. 13, 2016) ........................................... 5, 8, 10

*SEC v. Elliott*,
   No. 20-cv-10860, 2020 WL 7185854 (D. Mass. Dec. 7, 2020) ......................................... 4, 6, 9

*SEC v. Ieremenko*,
   No. 2:19-cv-505, Mem. Op. 3, ECF No. 28 (D.N.J. May 6, 2019) ...................................... 8, 14

*SEC v. Marvel Partners*,
   No. 08-cv-12008-MLW, 2008 WL 11511616 (D. Mass. Dec. 22, 2008) .................. 3, 9, 10, 12

*SEC v. Shehyn*,
   No. 04-cv-2003, 2008 WL 6150322 (S.D.N.Y. Nov. 26, 2008) ............................................... 12

*SEC v. Tome*,
   833 F.2d 1086 (2d Cir. 1987) ................................................................................................... 12

*SEC v. Zavodchinkov*,
No. 2:16-845, Mem. Op. 4, ECF No. 18 (D.N.J. Aug 30, 2017) ........................................ 8, 14

*ShelterZoom Corp. v. Goroshevsky*,
No. 19-cv-10162, 2020 WL 4252722 (S.D.N.Y. July 23, 2020) ............................................... 6

*Smith v. Islamic Emirate of Afghanistan*,
No. 01-cv-10132, 2001 WL 1658211 (S.D.N.Y. Dec. 26, 2001) ........................................ 3, 9

*Sulzer Mixpac, AG v. Medenstar Ind. Co., Ltd.*,
312 F.R.D. 329 (S.D.N.Y. 2015) ..................................................................................... 10

*United States v. Besneli*,
No. 14-cv-7339, 2015 WL 4755533 (S.D.N.Y. Aug. 12, 2015) ............................................ 3

*United States v. Klyushin, et al.*,
No. 1:21-cr-10104-PBS (D. Mass.) ..................................................................................... 2

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988) ........................................................................................................... 4

*Water Splash, Inc. v. Menon*,
137 S. Ct. 1504 (2017) .................................................................................................... 4, 7

*Williams-Sonoma, Inc. v. Friendfinder, Inc.*,
No. C 06-06572, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) ............................................ 8

**Other Authorities**

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
Commercial Matters,
Nov. 15, 1965, 20 U.S.T. 361 ........................................................................................ 3, 7

Russian Federation,
*Declarations, Reservations to Convention of 15 November 1965 on the Service Abroad of
Judicial and Extrajudicial Documents in Civil or Commercial
Matters,* www.hcch.net/en/instruments/conventions/status-
table/notifications/?csid=418&disp=resdn ..................................................................... 7, 9

U.S. Department of State,
*International Judicial Assistance —Country Information — Russia Federation*, *Service of
Process*,
https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-
Information/RussianFederation.html (last visited February 10, 2022). ...................................... 5

iv

**Treatises**

Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Civil* § 1134
  (4th ed. & Westlaw updated through 2021) ................................................................. 4

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 4(f) .......................................................................................... passim

Fed. R. Civ. P. 4(h) ................................................................................................. 3

Fed. R.. Civ. P. 4(e) ................................................................................................. 3

Pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, Plaintiff U.S. Securities and Exchange Commission (the "SEC") seeks an order authorizing it to serve the Complaint and Summons (ECF Nos. 1 and 3) by alternative means upon Defendants Nikolai Rumiantcev, a/k/a Nikolay Rumyantcev ("Rumiantcev"), Mikhail Irzak ("Irzak"), Igor Sladkov ("Sladkov"), and Ivan Yermakov, a/k/a Ivan Ermakov ("Yermakov"), by (a) email to addresses that these four Defendants have used; and (b) by publication in *The New York Times International Edition* for distribution in the Russian Federation ("Russia"), where these four Defendants reside.[1]  These alternative means are reasonably calculated to provide notice of the Summons and Complaint in this matter and have been approved by courts in similar circumstances.

## STATEMENT OF FACTS

The SEC filed its Complaint in this matter on December 20, 2021.  *See* ECF No. 1.  The SEC alleges that the Defendants engaged in a fraudulent scheme to deceptively obtain material nonpublic information regarding earnings announcements of publicly traded companies by hacking into the computer systems of two service-provider firms, and then using the hacked information to profitably trade in advance of the public release of the earnings information.  *Id.* at ¶ 1.

In summary, beginning no later than February 2018 and continuing until at least August 2020, Yermakov – a Russian hacker who is the subject of two pending federal criminal indictments – made material misstatements and used deceptive devices to obtain material nonpublic information about publicly traded companies stored on the computer systems of the service-provider firms (the "Servicers").  *Id.* at ¶¶ 3, 43-56.  The Servicers assist public

---

[1] As set forth in further detail below, the fifth Defendant in this action – Vladislav Kliushin – was recently extradited to the United States and has waived service.  ECF No. 6.

companies with the preparation and filing of periodic and other reports with the SEC, including reports containing the public companies' earnings information. *Id.* at ¶ 2. Yermakov hacked into the Servicers' systems by using compromised credentials of the Servicers' employees (*e.g.*, usernames and passwords that did not belong to Yermakov), malware, and other computer hacking techniques. *Id.* at ¶¶ 3, 43-56. Yermakov, directly or indirectly, then provided and communicated the hacked, deceptively-obtained pre-release earnings announcements and/or access to those announcements through the Servicers' systems, to the other Defendants, Kliushin, Rumiantcev, Irzak, and Sladkov. *Id.* at ¶¶ 3, 5, 34, 36, 38, 41. These other monetized this information by making timely trades in the securities of the Servicers' public company clients using these pre-release earnings announcements, collectively reaping unlawful profits of at least $82.5 million. *Id.* at ¶¶ 6, 35, 65, 69.

On the day the SEC filed its complaint, the Department of Justice moved to unseal a federal criminal indictment against Kliushin, Rumiantcev, and Yermakov in *United States v. Klyushin, et al.*, No. 1:21-cr-10104-PBS (D. Mass.) (the "Criminal Action"). The Criminal Action is based on substantially the same misconduct as alleged against the five Defendants in this civil action. *See* Affidavit, ECF No. 1-1, *United States v. Klyushin, et al.*, No. 1:21-cr-10104-PBS (D. Mass.). The commencement of this case and the unsealing of the Criminal Action shortly followed the extradition of Kliushin to the United States from Switzerland.[2] *See* United States Mem. in Supp. of Detention, ECF No. 23 at 1, *United States v. Klyushin, et al.*, No. 1:21-cr-10104-PBS (D. Mass.).

Based on information available to the SEC, the four Defendants who are the subject of this motion (Rumiantcev, Irzak, Sladkov, and Yermakov, collectively the "Service Defendants")

---

[2] Kliushin is currently detained at the Plymouth County Correctional Facility.

all reside in Russia.  *See* Declaration of Megan M. Bergstrom ("Bergstrom Decl."), filed

contemporaneously herewith, at ¶¶ 3, 6, 8, 10.  Because the Service Defendants are located

overseas, the SEC submits that it cannot serve them pursuant to Rules 4(e) of the Federal Rules

of Civil Procedure, and for the reasons set forth below, that service through the proposed

alternative means is appropriate.

## APPLICABLE LAW

Rule 4(f)(3) of the Federal Rules of Civil Procedure provides the Court broad discretion

over service of process on individuals in a foreign country.  *See SEC v. Marvel Partners*, No. 08-

cv-12008-MLW, 2008 WL 11511616, at *1 (D. Mass. Dec. 22, 2008); *United States v. Besneli*,

No. 14-cv-7339, 2015 WL 4755533, at *1 (S.D.N.Y. Aug. 12, 2015).  Rule 4(f) provides for

three alternative methods of service on individual defendants not located in the United States: (1)

service pursuant to "any internationally agreed means of service that is reasonably calculated to

give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial

and Extrajudicial Documents" (the "Hague Service Convention"); (2) service via means directed

by the foreign country in response to a letter rogatory, or personal delivery or registered mail, if

permitted; and (3) service "by other means not prohibited by international agreement, as the

court orders."  Fᴇᴅ. R. Cɪᴠ. P. 4(f).

Rule 4(f)(3), which permits the Court to order service by "other means," was "adopted in

order to provide flexibility and discretion to the federal courts in dealing with questions of

alternative methods for service of process in foreign countries."  *Smith v. Islamic Emirate of*

*Afghanistan*, No. 01-cv-10132, 2001 WL 1658211, at *2 (S.D.N.Y. Dec. 26, 2001) (internal

quotation omitted).  Alternative service under Rule 4(f)(3) is "neither a last resort nor

extraordinary relief."  *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)

3

(citation omitted). Instead, "[i]t is merely one means among several which enables service of process on an international defendant." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (citation omitted); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Civil* § 1134 (4th ed. & Westlaw updated through 2021) (alternative service "is not a disfavored process and should not be considered extraordinary relief").

Consequently, as many courts in the First Circuit and elsewhere have recognized, Rule 4(f) does not require that a party exhaust methods authorized by subsections (1) and (2) prior to seeking court approval of an alternative means of service pursuant to subsection (3). *See Angiodynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015) ("By its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by 'other means[,]'"); *Forum Fin. Grp. LLC v. President and Fellows of Harvard College, et al*. 199 F.R.D. 22, 23 (D. Me. 2001) ("By its plain language and syntax, Rule 4(f)(3)'s alternative is not a last resort nor is less favored than service under subsections (1) and (2)."); *SEC v. Anticevic*, No. 05-cv-6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) ("[a] plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)."); *SEC v. Elliott*, No. 20-cv-10860-LTS, 2020 WL 7185854, at *2 (D. Mass. Dec. 7, 2020) (same); *Angiodynamics, Inc. v. Neuberger*, No. 18-cv-30092-MGM, 2018 WL 5792321, at *1 (D. Mass. Nov. 5, 2018) (same); *but see Marcantonio v. Primorsk Shipping Corp*., 206 F. Supp. 2d 54, 58-59 (D. Mass. 2002).[3]

---

[3] In *Marcantonio*, the Court declined to ratify, under Rule 4(f)(3), a plaintiff's previous attempt to serve a foreign corporation by leaving a copy of the complaint for an alleged representative in Canada and sending the complaint to the corporation's counsel. 206 F. Supp. 2d at 55, 59. In holding that the plaintiff was first required to attempt service through the Hague Service Convention in that case, however, the Court addressed Canada, a country that, unlike Russia,

**ARGUMENT**

**I.      Service Pursuant to Rule 4(f)(1) or (2) Is Not Available Here.**

The Service Defendants reside in Russia, which does not cooperate with the United States

in civil lawsuits.  *See SEC v. Dubovoy*, No. 15-cv-6076, 2016 WL 7217607, at *2 (D.N.J. Dec.

13, 2016).  Service pursuant to the Hague Service Convention or other diplomatic channels is

therefore not available.  As the Department of State explains:

> Russia and the United States are parties to the [Hague Service
> Convention].  In July 2003, Russia unilaterally suspended all
> judicial cooperation with the United States in civil and commercial
> matters. The Russian Federation refuses to serve letters of request
> from the United States for service of process presented under the
> terms of the 1965 Hague Service Convention or to execute letters
> rogatory requesting service of process transmitted via diplomatic
> channels . . . .  While the Department of State is prepared to
> transmit letters rogatory for service or evidence to Russian
> authorities via diplomatic channels, in the Department's
> experience, all such requests are returned unexecuted. Likewise
> requests sent directly by litigants to the Russian Central Authority
> under the Hague Service Convention are returned unexecuted.

U.S. Department of State, *International Judicial Assistance —Country Information — Russia*

*Federation*, *Service of Process*, https://travel.state.gov/content/travel/en/legal/Judicial-

Assistance-Country-Information/RussianFederation.html (last visited February 10, 2022).

Given these circumstances, any attempt to serve the Service Defendants pursuant to Rule

4(f)(1) or (2) would be futile, necessitating alternative service pursuant to Rule 4(f)(3).  *See*

*Dubovoy*, 2016 WL 7217607, at *2 (serving defendants in Russia "through means agreed upon

---

effects service through its Central Authority as set forth in the Hague Service Convention.  206
F. Supp. 2d at 55-59; *see also Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507-1508 (2017)
("the 'primary innovation' of the Hague Service Convention—set out in Articles 2–7—is that it
'requires each state to establish a central authority to receive requests for service of documents
from other countries.'" (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698
(1988)).

by the Hague Convention would almost undoubtedly fail, and it is appropriate to authorize

service by alternative means."); *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, No.

2:13-cv-458, 2013 WL 1644808, at * 1 (W.D. Pa. Apr. 16, 2013) (attempting service through the

Hague Service Convention upon defendants in Russia would be "futile"); *see also AMTO LLC v.*

*Bedford Asset Mgmt., LLC*, No. 14-cv-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015)

(finding alternative service appropriate because there is no reason to believe that service would

be effective if plaintiff were required to serve defendant in Russia in accordance with the Hague

Service Convention); *Bidonthecity.com LLC v. Halverston Holdings Ltd*., No. 12-cv-9258, 2014

WL 1331046, at * 10 (S.D.N.Y. Mar. 31, 2014) (taking judicial notice of the fact that service

requests to Russia go unexecuted and authorizing alternative service); *ShelterZoom Corp. v.*

*Goroshevsky*, No. 19-cv-10162, 2020 WL 4252722, at *1 (S.D.N.Y. July 23, 2020) (same).

## II.      Service By Alternative Means Under Rule 4(f)(3) Is Proper In This Case.

Pursuant to Rule 4(f)(3), "a Court may fashion means of service on an individual in a

foreign country, so long as the ordered means of service (1) is not prohibited by international

agreement; and (2) comports with constitutional notions of due process." *Anticevic*, 2009 WL

361739 at *3 (citations omitted); *accord Russell Brands, LLC v. GVD Int'l Trading, SA*, 282

F.R.D. 21, 24-26 (D. Mass. 2012) (following same standard); *Forum Fin.*, 199 F.R.D. at 23-24

(authorizing alternative service on a defendant in Russia and stating "the only limit . . .

impos[ed] on court directed service under Rule 4(f)(3) is that the means must not be prohibited

by international agreement"); *Elliott*, 2020 WL 7185854, at *2 (same).  Court-directed service

under Rule 4(f)(3) comports with "constitutional notions of due process" when the "method of

service crafted by the district court be 'reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to present

their objections." *Rio Props.*, 284 F.3d. at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *Russell Brands, LLC*, 282 F.R.D. at 24-25 (same).

Using this well-settled standard, "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props*, 284 F.3d at 1016.  Here, the two requested methods of service – email and publication – are not prohibited by international agreement and are reasonably designed to provide constitutionally sufficient notice to the Service Defendants.

**A.     International Law Does Not Prohibit Either Form of Alternative Service Requested Herein.**

Neither the Hague Service Convention nor any other international law prohibits service by email or publication on defendants located in Russia.  Russia is a party to the Hague Service Convention, a multilateral treaty to simplify, standardize, and generally improve the process of serving documents abroad.  *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) (citing Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361)).  Article 10(a) of the Hague Service Convention states that, "provide[d] the State of destination does not object," the Convention "shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad."  20 U.S.T., at 363.  Russia has so objected.[4]  But numerous courts have held that where signatories to the Hague Service Convention have specifically objected to service

---

[4] *See* Russian Federation, *Declarations, Reservations to Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,* www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=418&disp=resdn ("Service of documents by methods listed in Article 10 of the Convention is not permitted in the Russian Federation.") (last visited February 10, 2022).

through the means identified in Article 10 (*e.g.*, through "postal channels"), service by means *not* specifically identified in Article 10, such as publication, email, and social media, is not prohibited. *See, e.g., SEC v. Craven*, No. 15-mc-0004, 2015 WL 9275741, at *1 (W.D. Ky. Dec. 18, 2015) (listing decisions wherein "courts considering this issue have held that service by e-mail is appropriate where a country has asserted an objection under Article 10 of the Hague [Service] Convention"); *FTC v. Pecon Software Ltd.*, No. 12–cv–7186, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) ("Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10].").

Using this rationale, multiple courts have authorized service by email on international defendants, including those located in Russia. *See AMTO LLC*, 2015 WL 3457452, at *7 (authorizing service by email on defendant residing in Russia); *Dubovoy*, 2016 WL 7217607, at *3 (authorizing service by email and other means on defendants residing in Russia); *SEC v. Zavodchinkov*, No. 2:16-cv-845, Mem. Op. 4, ECF No. 18 (D.N.J. Aug 30, 2017) (same); *SEC v. Ieremenko*, No. 2:19-cv-505, Mem. Op. 3, ECF No. 28 (D.N.J. May 6, 2019) (same); *Henry F. Teichmann, Inc.*, 2013 WL 1644808, at *1 ("there is no reason to believe that . . . service by e-mail [on Russian defendant] would violate an international agreement"); *cf. Williams-Sonoma, Inc. v. Friendfinder, Inc.*, No. C 06-06572, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (granting plaintiff's motion to serve a defendant in Ukraine by email); *Elliott*, 2020 WL 7185854, at *2 (allowing service by email on defendants residing in the United Kingdom).

Similarly, numerous courts have found that the Hague Service Convention does not prohibit service on international defendants by publication. *See Rio Props.*, 284 F.3d at 1016-17; *Islamic Emirate*, 2001 WL 1658211, at *2-4 (authorizing service of process on Osama bin Laden and al-Qaeda by publication); *Fendi Adele, S.r.l. v. 1n1qualitybag.com*, No. 16-cv-60113, 2016 WL 8710784, at *1-2 (S.D. Fla. Mar. 29, 2016) (authorizing service on South Korean defendant by publication on the Internet); *BP Products North America, Inc. v. Dagra*, 236 F.R.D. 270, 272-73 (E.D. Va. 2006) (authorizing "alternative service by publication of notice in two Pakistani newspapers circulated in Defendant's last-known location"); *cf. Marvel Partners*, No. 2008 WL 11511616, at *2 (allowing service of process by publication and email on defendants of unknown citizenship). And Russia has not specifically objected to service by publication. *See Russian Federation Declarations, Reservations to Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,* www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=418&disp=resdn (last visited February 10, 2022).

**B.     The Requested Forms of Alternative Service Will Provide Constitutionally Sufficient Notice of the SEC's Complaint.**

The SEC's requested forms of alternative service are also proper because they satisfy constitutional notions of due process. *See Rio Props.*, 284 F.3d at 1017.

**1.     Email Service Will Provide Constitutionally Sufficient Notice.**

The SEC seeks the Court's authorization to serve Defendants Rumiantcev, Irzak, Sladkov, and Yermakov by email at the addresses shown in the chart below:

| Defendant | Email Address |
|-----------|---------------|
| Rumiantcev | nr@m13.su |
| Irzak | mikka777@yahoo.com |

| Defendant | Email Address |
|-----------|---------------|
| Sladkov | isladkov@mail.ru |
| Yermakov | i.s.ermakov@yandex.ru |

Service by email satisfies the requirements of the Due Process Clause because it is reasonably calculated to apprise these parties of this action.  Courts routinely allow service by email in cases where plaintiffs have "supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Sulzer Mixpac, AG v. Medenstar Ind. Co., Ltd.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (citation omitted); *FTC v. PCCare247 Inc.*, No. 12-cv-7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) ("service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); s*ee also AMTO*, 2015 WL 3457452, at *9 (authorizing service by email alone where plaintiff had submitted evidence showing that defendant used his email address); *Dubovoy*, 2016 WL 7217607 at *3 (same); *Marvel Partners*, 2008 WL 11511616, at *2 (authorizing service by email "[g]iven the inability to contact the defendant(s) in any other manner").

Indeed, courts have recognized that service by email is often "reasonably calculated to apprise [defendant] of the pendency of the action and afford it an opportunity to respond."  *See Rio Props.*, 284 F.3d at 1017-18 (authorizing service by email); *Bazarian Int'l Fin. Assocs., LLC, v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, at 13-14 (D.D.C. 2016) (granting motion for alternative process, including through email); *Juniper Networks, Inc. v. Bahattab*, No. 07-cv-1771, 2008 WL 250584, at *1-2 (D.D.C. Jan. 30, 2008) (authorizing service by email).  Courts have repeatedly concluded that service by email comports with due process and authorized service by email.  *See, e.g.*, *Elsevier, Inc. v. Chew*, 287 F. Supp. 3d 374, 379-80 (S.D.N.Y.

2018); *Henry F. Teichmann, Inc.*, 2013 WL 1644808 at *2; *In re Heckmann Corp. Secs. Litig.*,
No. 10-378-LPS-MPT, 2011 WL 5855333, at *4-5 (D. Del. Nov. 22, 2011).

Here, Defendants Rumiantcev, Irzak, and Sladkov provided the email addresses at which
the SEC proposes to serve them to brokerage firms as a means for the firms to contact these
Defendants regarding their securities trading, the very securities trading at issue in this case. *See*
Bergstrom Decl. at ¶¶ 3-5 (Irzak); *id*. at ¶¶ 6-7 (Rumiantcev); *id*. at ¶¶ 8-9 (Sladkov); ECF No. 1
at ¶ 17 (describing Irzak's trading through a Cyprus-based brokerage firm, a Portugal-based
brokerage firm, and a Danish-based brokerage firm); *id*. at ¶¶ 15-16 (describing Rumiantcev's
trading through, among other firms, a Cyprus-based brokerage firm and a United-Kingdom-
based brokerage firm); *id*. at ¶ 18 (describing Sladkov's trading through a Cyprus-based
brokerage firm). Moreover, the brokerage firms or firms affiliated with those firms have, in fact,
communicated with Defendants Rumiantcev, Irzak, and Sladkov at the specified email addresses.
*See id.* at Decl. at ¶¶ 4-5 (Irzak); *id*. at ¶ 7 (Rumiantcev), *id*. at ¶ 9 (Sladkov).

As for Defendant Yermakov, the email address at which the SEC proposes to serve him is
contained in documents received by the SEC from the Department of Justice during the SEC's
investigation leading to this action.[5]   These documents specifically include:  (1) a record from

---

[5]   As noted above, Yermakov has been indicted in the Criminal Action.  In addition, in July and
October 2018, the Department of Justice charged Yermakov in federal indictment numbers 18-
cr-215 in the U.S. District Court for the District of Columbia and 18-cr-263 in the U.S. District
Court for the Western District of Pennsylvania for his alleged roles in a hacking conspiracy
involving gaining unauthorized access into the computers of U.S. persons and entities involved
in the 2016 U.S. presidential election and hacking operations targeting anti-doping agencies,
sporting federations, and anti-doping officials.  Compl. ¶ 19.  As alleged in those indictments and
in the Complaint in this case, Yermakov served as a Russian military intelligence officer in the
Russian Federation's Main Intelligence Directorate of the General Staff ("GRU").  *Id*.; *see also*
Indictment, *United States v. Netyksho, et al*., 18-cr-215, ECF No. 1, ¶ 2 (D.D.C. Jul. 13, 2018)
(alleging that Yermakov served as a GRU officer); Indictment, *United States v. Morenets, et al*.,
18-cr-263, ECF No. 4, ¶ 15 (W.D. Pa. Oct. 3, 2018) (alleging that Yermakov served as a GRU
officer).

Apple, Inc., linking the Yermakov email address to his Apple account as late as June 2020; and (2) an email sent from a third party to Yermakov at the same email address in 2020, thereby confirming his use of the address.  *See id.* at ¶ 10.  Service on the Service Defendants via these email addresses is reasonably calculated to apprise them of the pendency of this action and thus comports with due process.

### 2. Service by Publication Will Provide Constitutionally Sufficient Notice.

To further ensure that the methods of service are reasonably calculated to provide the Service Defendants with notice and an opportunity to defend themselves in this case, the SEC also proposes serving them via publication in a newspaper that is circulated in Russia.

Specifically, the SEC proposes to effect service through a notice published in *The New York Times International Edition* (previously *The International New York Times* and, before that, the *International Herald Tribune*), which is circulated in Russia.  Service through publication is fair and reasonable.  *See Kaplan v. Hezbollah*, 715 F. Supp. 2d 165, 167 (D.D.C. 2010) (authorizing service by publication).  Many courts have approved service by publication in circumstances involving international defendants and often approved the predecessors of *The New York Times International Edition* as the vehicle in which to publish the notice.  *See, e.g., Rio Props.*, 284 F. 3d at 1015-16; *SEC v. Tome*, 833 F.2d 1086, 1091 (2d Cir. 1987) (observing that the *International Herald Tribune* is "widely read by the international financial community in Europe"); *SEC v. Shehyn*, No. 04-cv-2003, 2008 WL 6150322, at *3 (S.D.N.Y. Nov. 26, 2008) ("Service on a defendant in a foreign country by publication of a summons and complaint in the *International Herald Tribune* once a week for four successive weeks is permissible under Rule 4(f)(3) and comports with notions of due process."); *Anticevic*, 2009 WL 361739, at *5 (granting motion for service of process on foreign defendant through publication in the *International Herald Tribune* and other newspapers once a week for four consecutive weeks); *Marvel*

*Partners*, 2008 WL 11511616, at *2 (granting motion for service of process on defendant by publication in the *International Herald Tribune* once a week for three weeks and by email).

The SEC proposes to publish once per week, for four consecutive weeks, the following notice, in substantially the form below, in *The New York Times International Edition*:

**LEGAL NOTICE:**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, CIVIL ACTION NO. 1:21-cv-12088-DLC**

**SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,**

**v.**

**VLADISLAV KLIUSHIN, *et al.*,
Defendants.**

**LEGAL NOTICE TO:**

**NIKOLAI RUMIANTCEV (a/k/a
NIKOLAY RUMYANTCEV),
MIKHAIL IRZAK,
IGOR SLADKOV, and
IVAN YERMAKOV (a/k/a
IVAN ERMAKOV)**

**NOTICE IS HEREBY GIVEN:**

You have been named as a defendant in a lawsuit filed by the U.S. Securities and Exchange Commission ("SEC") in the U.S. District Court for the District of Massachusetts.  The name of the case is *SEC v. Kliushin, et al.*, No. 1:21-cv-12088-DLC (D. Mass.).  The SEC alleges that you violated the antifraud provisions of the federal securities laws by engaging in a fraudulent scheme to deceptively obtain material nonpublic pre-release earnings announcements of companies with shares of stock publicly traded on U.S. securities exchanges, by hacking into the computer systems of two service-provider firms, then using the hacked information to profit by trading in advance of the public release of the earnings information.  The SEC seeks disgorgement of ill-gotten gains (plus prejudgment interest), a civil penalty and a permanent injunction from further violations of the antifraud provisions of the federal securities laws.  You are directed to contact David Bennett, U.S. Securities and Exchange Commission, 100 F Street, N.E., Washington, DC 20549,

13

e-mail: SEC.v.Kliushin@SEC.gov to arrange to receive the Summons and Complaint by mail, delivery service, or email.  You are also hereby notified to file an answer to the complaint or other responsive pleading with the Clerk of Court at John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston Massachusetts, 02210, within 21 days of this notice.  If you fail to contact the SEC or file an answer or responsive pleading within the time stated above, the SEC will request that a judgment by default pursuant to U.S. Federal Rule of Civil Procedure 55(a) be entered against you.

This notice is consistent with notices approved by courts in other matters, including in *SEC v. Zavodchikov*, No. 16-cv-00845 (D.N.J) and *SEC v. Ieremenko, et al.*, No. 2:19-cv-0505 (D.N.J.), in which courts in the District of New Jersey approved service on individual defendants residing in Russia through a nearly identical notice published in the same paper.  *Zavodchikov*, No. 16-cv-00845, ECF Nos. 17, 18, and 21; *Ieremenko*, No. 2:19-cv-0505, ECF No. 19-1 and 28. The proposed notice provides the requisite information to notify the Defendants of the pending action and afford them an opportunity to defend.

## CONCLUSION

For the foregoing reasons, and those set forth in the accompanying declaration and exhibits, the SEC respectfully requests that the Court grant its motion for alternative service in the form of the order submitted with this motion.

Dated:  February 11, 2022            Respectfully submitted,

                                      */s/ James P. Connor*
                                      David S. Mendel
                                      James P. Connor
                                      U.S. SECURITIES AND EXCHANGE COMMISSION
                                      100 F Street, N.E.
                                      Washington, DC 20549
                                      Tel: (202) 551-4418 (Mendel)
                                      Tel: (202) 551-8394 (Connor)
                                      MendelD@sec.gov
                                      ConnorJ@sec.gov

15

## CERTIFICATE OF SERVICE

Although the Defendants that are the subject of this motion have not appeared in this case, consistent with the SEC's position that the Defendants receive emails at the addresses noted in this Motion, I, James P. Connor, certify that on February 11, 2022, copies of this motion, the Memorandum in Support, the Declaration of Megan M. Bergstrom, and all attachments were sent to the Defendants at the following email addresses:

| Defendant | Email Address |
|---|---|
| Nikolai Rumiantcev | nr@m13.su |
| Mikhail Irzak | mikka777@yahoo.com |
| Igor Sladkov | isladkov@mail.ru |
| Ivan Yermakov | i.s.ermakov@yandex.ru |

I further certify that on February 11, 2022, copies of this motion, the Memorandum in Support, the Declaration of Megan M. Bergstrom, and all attachments were sent to the following Defendants by United States Postal Service International Mail to the following addresses:

| Defendant | Physical Address |
|---|---|
| Nikolai Rumiantcev | 59 Primorskii Ave., 3, 197183, Saint Petersburg, Russian Federation |
| Mikhail Irzak | House 10, Flat 323 ulitsa Tatiani Makarovoy Moscow, Russian Federation |
| Igor Sladkov | House 31, Flat 45, Serdobolskaya Street, 197342, Saint Petersburg, Russian Federation |

I further certify that on February 11, 2022, copies of this motion, the Memorandum in Support, the Declaration of Megan M. Bergstrom, and all attachments were filed using the Court's CM/ECF system, which constitutes service upon all registered ECF users, including counsel for Defendant Vladislav Kliushin.

/s/ James P. Connor
JAMES P. CONNOR
