UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VLADISLAV KLIUSHIN<br>(a/k/a VLADISLAV KLYUSHIN),<br>NIKOLAI RUMIANTCEV<br>(a/k/a NIKOLAY RUMYANTCEV),<br>MIKHAIL IRZAK,<br>IGOR SLADKOV, and<br>IVAN YERMAKOV<br>(a/k/a IVAN ERMAKOV),<br><br>Defendants. | Civil Action 21-cv-12088 |

**PARTIALLY ASSENTED TO MOTION OF THE UNITED STATES (DEPARTMENT OF JUSTICE) FOR LEAVE TO INTERVENE AND FOR A PARTIAL STAY OF <u>DISCOVERY AND MEMORANDUM IN SUPPORT</u>**

The United States Department of Justice ("government") respectfully moves to intervene in this action for the limited purpose of moving for a partial stay of discovery pending resolution of a federal criminal case that addresses the same alleged misconduct. Plaintiff U.S. Securities & Exchange Commission ("SEC") assents to the government's motion to intervene, and takes no position on the government's motion for a partial stay. Defendant Kliushin assents to the government's motion to intervene, and to the government's motion for a partial stay. The remaining defendants have not appeared in this matter and are fugitives in the parallel criminal matter.

**Background**

The defendants in this case were charged in a pair of Indictments returned by a grand jury in the District of Massachusetts with conspiring to obtain unauthorized access to computers, and to commit wire fraud and securities fraud, and with obtaining unauthorized access to computers, wire fraud, and securities fraud. *See United States v. Klyushin, et al.*, No. 21-cr-10104-PBS; *United States v. Irzak, et al.*, No. 21-cr-10146-NMG. The charges arose out of the defendants' alleged involvement in a scheme to trade in the securities of publicly traded companies based on material non-public information ("MNPI") about the earnings of those companies, in advance of the public announcements of those financial results. The MNPI was allegedly acquired through unauthorized intrusions into the computer networks of two U.S.-based filing agents—vendors that publicly traded companies use to make quarterly and annual filings through the SEC. Defendant Kliushin was arrested in Switzerland in March 2021, and extradited to the United States in December 2021. The other defendants remain at large and are currently fugitives. The SEC initiated this action on December 20, 2021. The Indictments and the SEC's complaint are founded on the same operative facts.

**Argument**

The government moves to intervene for the limited purpose of seeking a stay of discovery in the civil proceedings, with the exception of reciprocal document discovery directed to the SEC and document discovery directed to internet service providers. A partial stay is justified because, as set forth below, it would protect the integrity of the criminal proceedings by ensuring that they operate pursuant to the ordinary rules of criminal discovery, it would not unduly prejudice the parties to this proceeding, and it is more efficient than allowing full civil discovery to proceed now.

I.      **The Court Should Allow the Government To Intervene for the Limited Purpose of Seeking a Partial Stay of Discovery**

Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposing of the action may as a practical matter impair or impede the [applicant's] ability to protect [that] interest . . . ." *See also Int'l Paper Co. v. Inhabitants of Jay, Maine,* 887 F.2d 338, 342 (1st Cir. 1989) (discussing standard).[1]

As noted, the government (the Department of Justice, through the United States Attorney's Office for the District of Massachusetts), has a direct and substantial interest in the subject matter of this litigation, which is the same subject matter as that underlying the government's prosecution in *United States v. Klyushin, et al.*, No. 21-cr-10104-PBS. Courts regularly recognize that federal prosecutors have a substantial interest in intervening in civil actions to protect the interests of the United States in securing convictions in criminal cases. *See, e.g., S.E.C. v. TelexFree, Inc.,* 52 F. Supp. 3d 349, 352 (D. Mass. 2014) (Gorton, J.); *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (denying appeal of district court order that allowed intervention and stayed SEC enforcement action in favor of criminal case). More specifically, the government has a "discernible interest in intervening in order to prevent discovery in [a] civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *Chestman*, 861 F.2d at 50. Without intervention the government cannot protect its interest in the criminal prosecution, because it cannot weigh in on whether civil discovery should proceed.

---

[1] "Thus, a party seeking intervention of right under Rule 24(a)(2) must demonstrate three things: 1) that it has a direct and substantial interest in the subject matter of the litigation; 2) that its ability to protect the interest may be impaired if it is not allowed to intervene; and 3) that its interest will not be adequately represented by an existing party." *Id.*

The Court can also permit intervention when an applicant's claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b)(1)(B); *see also S.E.C. v. Downe*, 1993 WL 22126, at *11 (S.D.N.Y. 1993) ("It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact."). To intervene under this section, the government must establish that there is a common question, an independent ground for jurisdiction, and a timely motion. If these conditions are met, the district court has the discretion to allow intervention, and should consider whether intervention will unduly delay or prejudice adjudicating the civil case and whether the interests of the intervener are already adequately represented by the existing parties. See Fed. R. Civ. P. 24(b); *see also, e.g., In re Acushnet River & New Bedford Harbor Proceedings re Alleged PCB Pollution*, 712 F. Supp. 1019, 1023 (D. Mass. 1989) (discussing standard); *Bureerong v. Uvawas*, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996) (permitting government to intervene under Rule 24(b) and staying civil discovery pending resolution of criminal case). Here, the facts at issue in the criminal and the civil cases are largely the same, the government's motion is timely insofar as it is being submitted before a civil discovery schedule has been set, and the parties have assented to the government's intervention for the limited purpose of seeking a partial stay of discovery.

Because the operative facts of the criminal and civil cases are the same, and because civil discovery may, as a practical matter, impair the government's ability to protect its interests in the enforcement of federal criminal law, the government respectfully seeks leave to intervene for the purpose of arguing for a partial stay of discovery.

II.     **A Partial Stay Is Appropriate Under the Circumstances Here**

A stay of discovery, with exceptions for reciprocal document discovery of the SEC and of internet service providers, is appropriate under the facts and circumstances of this case.

"It is apodictic" that federal courts have the inherent power to stay civil proceedings in deference to criminal matters. *Microfinancial, Inc. v. Premier Holidays Intl., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). Courts generally consider certain factors when deciding whether to stay a civil case pending resolution of a criminal case, including (a) the extent to which the civil and criminal cases overlap; (b) the public interest; (c) any potential prejudice to the civil parties if that matter is stayed; (d) the court's interest in managing dockets and resources; and (e) the current status of the criminal case.[2] In *Microfinancial*, a case in which the district court denied defendants' motion to stay a civil trial because of a rumored grand jury investigation, the First Circuit articulated the relevant factors similarly, though some were specific to the facts of that case: whether delay would prejudice the civil litigants; potential prejudice to the party that is the defendant in both the civil and criminal matters (defendant had moved for the stay); impact on judicial resources; interests of any third parties; the public interest; the status of the two matters; and whether the litigants are acting in good faith. *See* 385 F.3d at 78. Here, *all* of the relevant factors favor the partial stay of discovery the government seeks: the facts, evidence and witnesses in the criminal and civil cases overlap entirely; the public interest favors protecting the integrity of the criminal proceedings; there is minimal, if any, potential prejudice to the civil

---

[2] *See, e.g., Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995); TelexFree, Inc., 2014 WL 5151281, at *2; *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1040 (W.D. Mich. 2007); *In re Adelphia Comm. Secs. Litig.*, 2003 WL 22358819, *7 (E.D. Pa. 2003); *S.E.C. v. HealthSouth Corp.,* 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003); *Walsh Sec., Inc. v. Cristo Prop. Mgt., Ltd.,* 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998).

parties from staying discovery; a stay would conserve judicial resources; and the criminal case could proceed to trial on at least as rapid a timetable as the civil case.

### A. A Partial Stay of Discovery Is Appropriate Because Of the Near Total Overlap of Facts and Evidence

First, a partial stay would protect the public interest in the proper administration of the criminal case by preventing the defendants from using "civil discovery mechanisms to obtain disclosures that are otherwise unavailable under the criminal rules," *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1072 (C.D. Cal. 2008), including by seeking discovery from potential witnesses in the criminal case as part of proceedings to which the Department of Justice is not a party. "[T]he public's interest in the effective enforcement of the criminal law is the paramount public concern. Although the public certainly has an interest in the preservation of the integrity of competitive markets, the pending criminal prosecution serves to advance those same interests." *S.E.C. v. Shkreli*, No. 15-CV-7175-KAM, 2016 WL 1122029, at *7 (E.D.N.Y. 2016) (citation and internal quotation marks omitted); *see also S.E.C. v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016) ("[T]he public interest in effective criminal prosecution generally outweighs any existing civil interests."). Indeed, for at least 60 years courts have recognized that priority should be given to the "public interest in law enforcement." *See, e.g., Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities."); *United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 658 (D.R.I. 1987) (citing "public interest" in law enforcement); *In re Ivan F. Boesky Secs. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("[T]he public interest in the criminal case is entitled to precedence over the civil litigant") (italics omitted).

6

"[T]he most important factor [in ruling on a motion to stay civil proceedings because of a pending criminal case] is the degree to which the civil issues overlap with the criminal issues." *Nicholas*, 569 F. Supp. 2d at 1070 (allowing DOJ intervention and staying SEC action pending resolution of criminal case) (citations omitted); *see also, e.g., Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (making same point); *In re Adelphia Comm. Secs. Litig.*, 2003 WL 22358819, *6-7 (E.D. Pa. 2003) (same; citing risk of inconsistent judgments in civil and criminal proceedings with overlapping facts). Here, as noted, the criminal and civil actions here are substantively identical, concerning allegations that the defendants conspired to engage in insider trading in the same series of securities and transactions, using MNPI obtained by gaining unauthorized access to the computer networks of two U.S.-based filing agents. Accordingly, the cases will necessarily rely on the same key witnesses and documentary and other evidence. Given this overlap, this Court should not permit the defendants to use discovery in this case as an end-run around the rules of criminal procedure, in circumvention of the Jencks Act and other long-established criminal discovery rules, as courts in this and other districts have repeatedly recognized. *See, e.g., S.E.C. v. TelexFree, Inc.*, 52 F. Supp. 3d 349, 352-53 (D. Mass. 2014) (Gorton, J.) (ordering that discovery be stayed in an insider-trading enforcement action pending the outcome of parallel criminal cases and noting that "staying the civil proceedings would prevent the criminal defendants from exploiting liberal civil discovery rules to obtain evidence to support their criminal defenses"); *Board of Gov's of Fed. Reserve System v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery. . . .") (citation and further quotation marks omitted); *United States v. Mellon Bank, N.A.,* 545 F.2d 869, 872-873 (3d Cir. 1976) (affirming stay, noting

that "the similarity of the issues left open the possibility that [target] might improperly exploit civil discovery for the advancement of his criminal case").[3]

Dozens of courts have recognized that the interests of justice weigh in favor of staying parallel civil proceedings because of the various ways those proceedings can impede the criminal case. "Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of *all discovery* in the civil case until disposition of the criminal matter." *United States v. One 1964 Cadillac Coupe DeVille,* 41 F.R.D. 352, 353 (S.D.N.Y. 1966) (emphasis added). *See also, e.g., TelexFree, Inc.*, 52 F. Supp. 3d at 352 (granting intervention and stay of SEC action); *S.E.C. v. Purchasers of Secs. In Global Industr., Inc.*, 2012 WL 5505738, *3-6 (S.D.N.Y. Nov. 9, 2012) (same); *S.E.C. v. Gordon*, 2009 WL 2252119, *3-6 (N.D. Okl. July 28, 2009) (same); *S.E.C. v. Ott*, 2006 U.S. Dist. Lexis 86541, *6-10 (D.N.J. Nov. 29, 2006) (same, though apparently unopposed); *Nicholas*, 569 F. Supp. 2d at 1070 (same); *S.E.C. v. Beacon Hill Asset Management LLC*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (same); *In re Worldcom, Inc., Sec. Litig.*, 2002 WL 31729501, *3-10 (S.D.N.Y. Dec. 5, 2002) (same); *S.E.C. v. Downe*, 1993 WL 22126, *12-14 (S.D.N.Y. Jan. 26, 1993) (same). As several of these courts have noted, a substantial overlap of facts and evidence makes the public's interest in a stay even stronger.

"[T]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases." *Beacon Hill Asset Management LLC*, 2003 WL 554618 at *1. In the ordinary course, the criminal case against defendant Klyushin will operate under a specific set of

---

[3] *But see S.E.C. v. Bray*, 98 F. Supp. 3d 219, 222 (D. Mass. 2015) (Burroughs, J.) (rejecting government's argument and noting that "these are the risks that the government and the SEC run when they elect to pursue parallel investigations and prosecutions").

8

discovery and procedural rules honed over decades to balance state and personal interests, and "designed to protect the integrity and truth-seeking function of the criminal process." *Nicholas*, 569 F. Supp. 2d at 1072. That balance is upended, and the public's rights impacted, if the defendant is able to abuse civil discovery to circumvent the criminal rules. *See, e.g.*, *Campbell*, 307 F.2d at 487 ("[A] judge should be sensitive to the difference in the rules of discovery in civil and criminal cases. . . . A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit."); *United States v. Phillips*, 580 F. Supp. 517, 520 (N.D. Ill. 1984) ("This abusive tactic is an improper circumvention of the restrictions of the criminal discovery rules. Protection of the integrity of the criminal justice process fully justifies this Court's taking remedial action."). As one court has articulated it,

> It is well established that a litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit to avoid the restrictions on criminal discovery and, thereby, obtain documents [and testimony] he might otherwise not be entitled to for use in his criminal suit.

*Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 380 (D.D.C. 1977) (citations omitted).[4]

---

[4] *See also, e.g., United States v. Mellon Bank, N. A.*, 545 F.2d 869, 872-73 (3d Cir. 1976) (affirming stay; noting that "the similarity of the issues [in the civil and criminal matters] left open the possibility that [the target] might improperly exploit civil discovery for the advancement of his criminal case"); *In re Eisenberg*, 654 F.2d 1107, 1113-14 (5th Cir. 1981) (observing that allowing civil discovery to proceed would make litigant "the beneficiary of materials otherwise unavailable under the criminal rules . . . thus nullifying in effect the criminal discovery limitations"); *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527 (S.D. W. Va. 2005) (United States had discernable interest in intervening to prevent civil discovery from being used to circumvent scope of discovery in criminal matter); Ott, 2006 U.S. Dist. LEXIS 86541, at *3-10 (same); *United States v. GAF Financial Servs.*, 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004) (civil forfeiture stayed pursuant to 18 U.S.C. § 981(g)); *Downe*, 1993 WL 22126, at *12–14 (staying securities action); *In re Ivan F. Boesky Secs. Litig.*, 128 F.R.D. at 49-50 (same); *Hugo*

9

A quick survey of criminal discovery procedures shows how parallel civil discovery can effectively nullify the criminal rules. For example, the criminal discovery rules do not allow for pre-trial depositions in the ordinary course.[5] Similarly, the Jencks Act provides that, in criminal cases, the statements of a government witness—such as grand jury testimony—cannot be the subject of subpoenas, discovery or inspection until that witness has testified on direct examination. 18 U.S.C. § 3500. Rule 16 then specifically carves out Jencks material, warning that the rule does not "authorize the discovery . . . of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]." Fed. R. Crim. P. 16 (a)(2). The public policy favoring the Jencks Act is so strong that—beyond

---

*Key & Son,* 672 F. Supp. at 657-59 (staying civil action in favor of environmental criminal investigation); *Founding Church of Scientology,* 77 F.R.D. at 380-81 (blocking interrogatories in favor of ongoing grand jury investigation); *S.E.C. v. Control Metals Corp.*, 57 F.R.D. 56, 57-58 (S.D.N.Y. 1972) (staying depositions of four grand jury witnesses).

[5] Federal Rule of Criminal Procedure 15 provides for depositions only "in order to preserve testimony for trial," and only in "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "The advisory and legislative committee notes make clear that Rule 15 does not authorize a party to take discovery depositions of the adversary party's witnesses. The case law has confirmed this construction of Rule 15, holding that it does not contemplate use of depositions of adverse witnesses as discovery tools in criminal cases." *United States v. Carrigan*, 804 F.2d 599, 602 (10th Cir. 1986) (citation omitted). Indeed, in rejecting as "plainly wrong" a district court order permitting a criminal defendant to take depositions pursuant to Rule 15 where the court concluded that the witnesses "might not be able to attend trial," the First Circuit specifically noted that such a low standard for permitting depositions in criminal cases rendered meaningless years of discussion "regarding the desirability of amending the criminal rules to provide for the amount of discovery permitted under the rules of civil procedure." *In re U. S.*, 348 F.2d 624, 626 (1st Cir. 1965). *See also United States v. Fischel*, 686 F.2d 1082, 1091 (5th Cir. 1982) ("[U]nlike in civil cases, the Federal Rules of Criminal Procedure provide no broad right to take depositions. . . . Depositions are not discovery tools in criminal cases."); *United States v. Poulin*, 592 F. Supp. 2d 137, 145 (D. Me. 2008) ("Unlike civil actions, where depositions may be taken as a matter of right and may be for discovery or to obtain evidence, depositions may be taken in a criminal case only upon court order, and are not for discovery of information but only to preserve evidence.") (citation and further quotation marks omitted).

10

the statute and the federal rules—it is legal error for a trial court to order the government to disclose Jencks material before the statute requires.[6]

In this case, permitting the defendants to proceed with interrogatories, depositions or requests for admission would provide them with an improper tactical advantage by permitting them to interrogate witnesses in ways the criminal rules do not permit, and then to use the answers they obtain in the criminal case. Such forms of interrogation, outside the supervision of the criminal court, in proceedings to which the Department of Justice is not a party, would provide the defendants an opportunity to manufacture artificial inconsistencies through artful questioning while the government, as a non-party, cannot object, cannot seek to refresh a witness's recollection, and cannot rehabilitate the witness. That is fundamentally unfair—and would be particularly inappropriate in a proceeding where it is the government that bears the ultimate, and heavy, burden of proving the defendants' guilt beyond a reasonable doubt (and, even moreso, where many of the defendants remain fugitives).

By contrast, in requesting a stay of discovery, the government does not seek to delay disclosure, or to obtain an unfair advantage. It seeks simply to operate under the same system of rules that governs every criminal case. The government is entitled to the benefit of those rules, which were developed and honed on a constitutional, statutory and ultimately local level (as manifested in the Local Rules of this Court) over decades, and which reflect a careful balancing of what is fair and just in criminal proceedings.

---

[6] *See, e.g., In re United States,* 834 F.2d 283, 287 (2d Cir. 1987) (district courts lack power to order early Jencks disclosure); *United States v. Taylor*, 802 F.2d 1108, 1117-18 (9th Cir. 1986) (same); *United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 523 (S.D.N.Y. 2007) ("District courts lack the authority to compel early disclosure of Jencks Act material.").

That is precisely why courts in this and other jurisdictions have customarily granted stay motions of the type the government seeks here. *See, e.g., TelexFree, Inc.*, 52 F. Supp. 3d at 352 ("staying the civil proceedings would prevent the criminal defendants from exploiting liberal civil discovery rules to obtain evidence to support their criminal defenses"); *Gordon*, 2009 WL 2252119, at *5 (staying civil proceedings pending resolution of parallel criminal proceedings and rejecting defendant's argument "that preventing a defendant from taking advantage of broader civil discovery mechanisms is not a legitimate reason to grant a stay," noting that "many courts have granted stays to prevent a criminal defendant from obtaining otherwise unavailable information"); *Nicholas*, 569 F. Supp. 2d at 1071-72 (staying civil proceedings in deference to parallel criminal case and noting that "the criminal rules were not designed with the intention of stymieing a defendant's ability to mount a complete defense. Rather, they are purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witness from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment."); *In re Worldcom*, 2002 WL 31729501, at *10 ("The Government represents that the usefulness of its cooperating witnesses will be impaired if they are subjected to depositions or required to answer interrogatories before the completion of the criminal proceedings. Given the strong public interest in the effective enforcement of the nation's securities laws through criminal proceedings, and the representation that premature discovery of testimonial evidence from cooperating witnesses will impair that effective enforcement, the U.S. Attorney's request for a bar order is granted."); *cf., e.g., S.E.C. v. Doody*, 186 F. Supp. 2d 379, 381-82 (S.D.N.Y. 2002) (staying, *inter alia*, "[d]epositions of any person whom the United States Attorney's office certifies may be called as a witness in the criminal case," and noting that "[o]nce an indictment has been

returned, the government often moves for and frequently obtains relief preventing a criminal defendant from using parallel civil proceedings to gain premature access to evidence and information pertinent to the criminal case"); *In re Boesky*, 128 F.R.D. at 49 ("there is sufficient case law to support the Government's argument that the complete disclosure demanded, which would call for 3500 material not obtainable at this time under the criminal procedure rules, should be temporarily deferred because of possible prejudice to the criminal proceedings and to the public interest concerns in law enforcement").

In short, the government respectfully submits that the public interest is not served by granting criminal defendants extra opportunities to attack the witnesses against them in proceedings unsanctioned by the criminal rules and outside the purview of criminal courts. Rather, the public interest is best served by trying criminal defendants according to the rules of criminal procedure that have been specifically designed, and continually revised, to ensure compliance with the Constitution and fairness for all sides. *See, e.g., Nicholas*, 569 F. Supp. 2d. at 1072 n.8 ("[T]he criminal discovery rules were crafted with an eye toward fairness for all concerned—the defendant, the prosecution, and the public. The Court rejects any implication that leaving Defendants with only criminal discovery mechanisms somehow prejudices their defense.").

    **B.**    **The Parties Will Not Be Unduly Prejudiced by a Stay, And the Judicial Efficiencies Are Clear**

Second, a partial stay would not unduly prejudice the defendants in the civil proceeding. The partial stay contemplated would allow limited document discovery to proceed, and would permit the defendants to file certain dispositive motions. See Dkt. 12 at 2. Moreover, resolution of the criminal case would likely expedite resolution of this proceeding, thereby conserving the resources of the Court and the litigants. And the partial stay contemplated here would avoid

13

prejudice to the government in the criminal case insofar as the defendant would, in that proceeding, likewise be permitted to subpoena third parties for documents.

At the same time, the interest in judicial efficiency supports a stay. As Judge Cote noted in the *Worldcom* securities litigation,

> The Court shares with all parties an interest in the efficient resolution of the instant actions. Nonetheless, a concern for judicial efficiency does not necessarily militate against the granting of a stay. . . . *The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges*. See Rosenthal v. Giuliani, 2001 WL 121944, *2 (S.D.N.Y. Feb. 9, 2001) ("[A] stay in the action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties.").

*In re Worldcom*, 2002 WL 31729501, at *8 (emphasis added; citations omitted) (finding stay "particularly compelling" in light of factual overlap and U.S. Attorney's Office's request); *see also TelexFree, Inc.*, 52. F. Supp. 3d at 353 (reasoning that "[a] stay would also conserve judicial resources"). A partial stay would thus allow not just the litigants, but also the Court, to avoid needless work, without undue prejudice to the defendants or to the overall public interest in justice being served.

### C. The Status of the Criminal Case Weighs In Favor of a Stay

Third, the status of the criminal case weighs in favor of a stay. "[T]he strongest argument for granting a stay is where a party is under criminal indictment." *Shkreli*, 2016 WL 1122029 at *5 (citation omitted). Here, the individual defendants in the civil proceeding are all under indictment (or have been charged by information). Any resolution of the criminal case will dramatically impact the result here. For example, a conviction of defendant Kliushin in the criminal case could have an estoppel effect in this proceeding. *See, e.g., Emich Motors Corp. v. Gen. Motors Corp.,* 340 U.S. 558, 568-69 (1951) ("It is well established that a prior criminal

14

conviction may work an estoppel in favor of the government in a subsequent civil proceeding."). At a minimum, resolving the criminal case before this one will simplify the issues to be resolved here.[7] Accordingly, a stay of discovery would create genuine efficiencies. There is no basis to permit the defendants to take depositions or pursue interrogatories or requests for admission when such forms of discovery are not permitted under the criminal rules and may prove altogether unnecessary.

## CONCLUSION

For all these reasons, a stay of discovery—with the exception of reciprocal document discovery from the SEC and internet service providers—is in the public interest, will not unduly prejudice the defendants, and will promote the efficient use of judicial and litigant resources. Accordingly, the government respectfully moves for permission to intervene in this case, and for a partial stay of discovery pending resolution of the parallel criminal proceedings.

Respectfully submitted,

RACHAEL S. ROLLINS
UNITED STATES ATTORNEY

By: /s/ Stephen E. Frank
STEPHEN E. FRANK
SETH B. KOSTO
Assistant U.S. Attorneys

---

[7] *See, e.g., In re Grand Jury Proceedings (Williams) v. United States*, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."); *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967) (affirming stay of civil action in part because "the trial of the criminal case [might] reduce the scope of discovery in the civil action . . . [a]nd . . . perhaps [] might also simplify the issues"); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) ("[T]he resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues.").

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: February 24, 2022

                                                */s/ Stephen E. Frank*
                                                Stephen E. Frank