UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br>                       Plaintiff,<br><br>  v.<br><br>VLADISLAV KLIUSHIN, *et al.*,<br>                       Defendants. | Case No. 1:21-cv-12088-DLC |

**[PROPOSED] PROTECTIVE ORDER**

THIS MATTER is before the Court on Plaintiff U.S. Securities and Exchange Commission's partially assented-to motion for entry of protective order in the above-captioned civil action (the "Action").

WHEREAS, Plaintiff U.S. Securities and Exchange Commission ("SEC") and Defendant Vladislav Kliushin ("Kliushin") intend to engage in civil discovery that the SEC and Kliushin expect will include, among other things, the production of documents that may reveal sensitive personal information about individuals that should be protected from further disclosure or use, along with the production of documents that may contain confidential information that should be protected from further disclosure or use; and

WHEREAS, the SEC and Kliushin desire to protect the confidentiality of such information;

FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, that the Parties to this Action, their respective agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following items:

1. As used in this Order, the term "Sensitive Personal Information" shall mean any documents or other information containing any one or more of the following categories of personal and private documents or information: (a) a social security or tax identification number; (b) individuals' or entities' financial account statements, including statements for any bank account, credit card account, brokerage account, mortgage, student loan, or other loan; (c) any financial account number, including for a bank account, credit card account, brokerage account, mortgage; student loan, or other loan; (d) tax returns; (e) the home address and phone number of any individual person; (f) the birth date of any individual person; or (g) the name of any individual person who, at the time of the filing of the Complaint in this Action, was known to be less than 18 years old.

2. As used in this Order, the term "Confidential Material" shall mean sensitive non-public business information, financial information, trade secrets, and/or other confidential or proprietary commercial, research, or development information, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

3. The terms Sensitive Personal Information and Confidential Material do not include information that is lawfully available to the general public.

4. As used in this Order, the term "Parties" or "Party" shall mean the SEC and Defendants Kliushin, Nikolai Rumiantcev, Mikhail Irzak, Igor Sladkov, and Ivan Yermakov.

5. As used in this Order, "non-party" means any person or entity not a Party to this Action, which produces documents or other information in response to a subpoena or other process in this Action.

I. **Procedures Governing Sensitive Personal Information and Confidential Material**

6. Sensitive Personal Information and Confidential Material disclosed to any Party to this Action or its counsel during the course of this Action:

a. Shall be used by the Parties only for purposes of this Action;

b. Shall not be used by the Parties for any business or commercial purpose;

c. Shall not be published to the public in any form by the Parties except as permitted below;

d. May be disclosed only to the following persons, on an as needed basis in the course of the litigation, with reasonable precautions taken to ensure the confidentiality of the information:

   i. A Party, subject to the following: if a Party is a defendant, Sensitive Personal Information and Confidential Material may be disclosed to the defendant only after he (A) has been served with the summons and complaint, or has provided the plaintiff with a duly executed waiver of service; (B) is represented by counsel who has entered an appearance in this matter; (C) has been informed by his counsel of the provisions of this Order and has been directed by counsel not to disclose or use any Sensitive Personal Information or Confidential Information in violation of this Order; and (D) has executed and caused to be filed with the Court a Declaration of Confidentiality in the form attached hereto as Exhibit A;

   ii. Employees or contractors of any law firm that represents a Party, including attorneys as well as secretarial, clerical, paralegal, legal or student personnel and any person or entity with whom a Party contracts to reproduce or manage documents;

iii. Deposition and trial witnesses and others whom counsel in good faith have a reasonable expectation may be a deposition or trial witness in this Action; provided that such persons shall first be advised of the existence and content of this Order and shall execute a Declaration of Confidentiality in the form attached hereto as Exhibit A, which thereafter shall be retained by counsel for the Party disclosing such information.

iv. A document's author(s), recipient(s), and/or copyee(s);

v. Current and former employees of the producing Party or non-party;

vi. Independent (non-employee) consultants, expert witnesses, or advisors retained by any of the Parties in connection with this Action; provided that such persons shall first be advised of the existence and content of this Order and shall execute a Declaration of Confidentiality in the form attached hereto as Exhibit A, which thereafter shall be retained by counsel for the Party disclosing such information.

vii. The Court, members of the jury, court personnel, including an Judge or Magistrate Judge assigned to this Action, their staff, as well as court reporters or stenographers engaged to record deposition, hearing, or trial testimony, and their employees; and

viii. Such other persons as hereafter may be authorized by either (1) written consent of all the Parties, (2) the original producing Party or non-party, or (3) the Court upon motion of a Party.

7. **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Sensitive Personal Information and Confidential Material.

8. The provisions of this Order shall not be construed as preventing:

   a. Any disclosure of Sensitive Personal Information or Confidential Material to any judge, magistrate, or employee of this Court for any purpose in connection with this Action;

   b. Any disclosure of Sensitive Personal Information or Confidential Material for the purpose of enforcement of the criminal law or as otherwise required by law.

9. This Order shall not:

   a. Operate as an admission by any Party that any particular discovery material contains Sensitive Personal Information or Confidential Material;

   b. Prejudice in any way the right of a Party to seek a Court determination of whether such material should be subject to the terms of this Order;

   c. Prevent a Party or non-party's disclosure of its own Sensitive Personal Information or Confidential Material; or

   d. Prejudice in any way the right of any Party to apply to the Court for a further protective order relating to any other Sensitive Personal Information or Confidential Material.

## II. Additional Procedures Governing Sensitive Personal Information

10. All Sensitive Personal Information that is filed with the Court shall be redacted in accordance with Federal Rule of Civil Procedure 5.2(a).

**III.     Additional Procedures Governing Confidential Material**

11.     Any Party and any non-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document which the producing party believes in good faith qualifies as "Confidential Material" as that term is defined in paragraph 2 of this Order.

12.     Any Party or non-party who produces or discloses any Confidential Material, including without limitation any information, document, thing, shall (a) mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"), or (b) with regard to electronically stored information ("ESI"), serve on all parties of record a Notice of Designation that identifies the ESI being or already designated as Confidential Material by bates number whenever possible and, if not possible, by written description that includes available details about database, media, source, and custodian from which the ESI originated or on which the ESI is maintained.

13.     If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

>   (a) Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no

timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)  If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court in accordance with Local Civil Rule 37.1.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

14. Depositions.  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Material until the expiration of the following:  No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than twenty-one days after the testimony was given.  Within this time period, a party may serve on all parties of record a Notice of Designation as to specific portions of the testimony and deposition exhibits that are to be designated Confidential Material; thereafter only those portions and exhibits identified in the Notice of Designation shall be protected by the terms of this Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition and exhibits to that deposition as Confidential Material, unless otherwise ordered by the Court.

15. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or non-party's claim of confidentiality, either

as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Order.

**IV.    Additional Procedures Governing Both Sensitive Personal Information and Confidential Material**

16. Nothing in this Order shall preclude the Parties from offering Sensitive Personal Information or Confidential Material into evidence at the trial of this Action or in any other proceeding in this Action, subject to the restrictions of Federal Rule of Civil Procedure 5.2.

17. Notwithstanding any other provisions contained herein, nothing in this Order shall limit the right of the SEC to make Routine Uses of Information as set forth in SEC Forms 1661 and 1662.

18. The confidentiality obligations imposed by this Order shall remain in effect even after the final disposition of this litigation unless the Court orders otherwise.

19. All discovery materials provided by the SEC to a defendant shall be destroyed by defense counsel or returned to counsel for the SEC at the conclusion of this case.

SO ORDERED.

Dated: _____        _____
                                                                  Hon. Donald L. Cabell
                                                                  United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>     v.<br><br>VLADISLAV KLIUSHIN, *et al.*,<br><br>                              Defendants. | Case No. 1:21-cv-12088-DLC |

**DECLARATION OF CONFIDENTIALITY**

I hereby acknowledge that I am to receive, or have received, documents or information pursuant to the terms of a Protective Order ("Order") in the above-captioned case.

I acknowledge receipt of a copy of the Order and certify that I have read it. I agree to be bound by the terms and restrictions set forth in the Order.

I agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts with respect to any proceedings relating to or arising from this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Print Name)

_____
(Date)