UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>VLADISLAV KLIUSHIN (a/k/a VLADISLAV KLYUSHIN), *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 1:21-cv-12088-WGY |

**PLAINTIFF'S MOTION TO REOPEN CASE AND LIFT PARTIAL STAY OF DISCOVERY**

Plaintiff U.S. Securities and Exchange Commission (the "SEC") respectfully requests that the Court reopen the above-captioned case that was administratively closed on September 13, 2022 (Dkt. No. 31) and lift the partial stay of discovery entered on June 15, 2022 (Dkt. No. 18). In support of its Motion, the SEC presents the following grounds.

1. On December 20, 2021, the SEC filed the Complaint in this matter. Dkt. No. 1.

2. Defendant Vladislav Kliushin waived service and filed an Answer to the Complaint on February 22, 2022. *See* Dkt. Nos. 6, 10.[1]

3. The Court subsequently granted the SEC's request for alternative service via email on the remaining Defendants, Nikolai Rumiantcev, a/k/a Nikolay Rumyantcev ("Rumiantcev"), Mikhail Irzak ("Irzak"), Igor Sladkov ("Sladkov"), and Ivan Yermakov,

---

[1] In light of parallel criminal proceedings, the Court granted the United States Department of Justice's motion to intervene and for a partial stay of discovery. Dkt. 18.

a/k/a Ivan Ermakov ("Yermakov") (collectively, "Defaulting Defendants") and deemed the SEC's service via email on Defaulting Defendants effective April 21, 2022.  Dkt. Nos. 13, 21.

4. On July 13, 2022, pursuant to the SEC's July 6, 2022 request, the Clerk of Court issued a Notice of Default as to the Defaulting Defendants.  Dkt. No. 28.

5. That same day, the Court held a status conference, at which the Court "administratively closed [the case] as of July 30, 2022 pending the outcome of [the] related criminal matter [*United States v. Klyushin, et al.*, No. 21-cr-10104-PBS (D. Mass.)]," and ordered that "the case may be reopened upon motion of any party."  Dkt. No. 27.

6. Following the status conference, the Court entered its "Standing Order Regarding Motions for Default Judgment."  Dkt. No. 29.  The Standing Order states that "appropriate action with respect to this Standing ORDER shall be taken by the moving party within 30 days of the date of the issuance of this ORDER," and that if "the moving party cannot take necessary and appropriate action, that party shall file an affidavit describing the status of this case and show good cause why necessary and appropriate action with respect to this Standing ORDER cannot be taken in a timely fashion and further why this case should remain on the docket."  *Id.*

7. On August 4, 2022, the SEC filed the Affidavit of James P. Connor Regarding Timing of Motion for Default Judgment ("Affidavit").  Dkt. No. 30.  In the Affidavit, counsel for the SEC explained that the SEC could not file the motion for default judgment as to the Defaulting Defendants because the case had been administratively closed pending the outcome of the related criminal matter.  *Id.*  Counsel further stated that the SEC would file its motion for default judgment as to the Defaulting Defendants in accordance with the Standing

Order Regarding Motions for Default Judgment within 30 days of the Court's reopening of the matter following the outcome of the related criminal matter. *Id.*

8. On August 13, 2022, the Court entered an Order for Closure, stating:

> In order to avoid the necessity for counsel to appear at periodic status conferences, it is hereby ORDERED that the above-entitled action be and hereby is CLOSED without entry of judgment. All material statutes of limitation are tolled as of the date of the filing of the complaint herein as to all matters raised therein. The case may be reopened upon motion by any party demonstrating that the above-entitled impediment to trial has been removed. This closure is without prejudice to either party moving to restore it to the docket, if any further action is required.

Dkt. No. 31.

9. The related criminal matter has reached a resolution, with only the issue of restitution deferred until December 5, 2023. Specifically, on February 14, 2023, after a twelve-day jury trial, a jury found Defendant Klyushin guilty on each of the four counts charged in the Indictment. *United States v. Klyushin, et al.*, No. 21-cr-10104-PBS (D. Mass.) at Dkt. No. 203. On September 7, Defendant was sentenced to 9 years imprisonment, with a $400 special assessment, no fine, and no supervised release, and final judgment was entered on September 11, 2023. *Id.* at Dkt. No. 252. An order of forfeiture was entered, requiring Defendant to forfeit to the United States the sum of $34,065,419.50. *Id.* at Dkt. No. 252. Restitution was deferred until December 5, 2023, with the parties ordered to continue to try to reach an agreement and submit briefs on October 20, 2023. *Id.* at Dkt. Nos. 252, 255.

10. In light of the resolution of the related criminal case and anticipated order of restitution, the SEC respectfully requests that, once an order of restitution is entered in the

criminal case,[2] the Court reopen this case and lift the partial stay of discovery to allow the SEC to move forward in pursuing final judgment against Defendants. Specifically, within 30 days of reopening, the SEC will move for default judgment as to the Defaulting Defendants in accordance with the Standing Order Regarding Motions for Default Judgment. Within 60 days of reopening, the SEC will move for summary judgment against Defendant Klyushin based on Defendants' conviction and final judgment in the related criminal case. If the SEC is able to reach an agreement with any of the Defendants prior to these filing dates, it will file an update with the Court.

Accordingly, for the foregoing reasons, the Court should reopen this case to allow the SEC to file the relevant motions to secure judgments against Defendants. The United States Department of Justice has confirmed it does not oppose reopening the case and lifting the stay. The SEC has met and conferred with defense counsel of record for Defendant Kliushin, who opposes this motion.

Dated:  September 15, 2023

Respectfully submitted,

 /s/ James P. Connor_____
James P. Connor
Jennifer L. Farer
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E., Washington, DC 20549
Tel: 202-285-1516 (Connor)
Tel: (202) 551-5072 (Farer)
connorja@sec.gov
farerj@sec.gov

*Counsel for Plaintiff*

---

[2] The SEC's request to reopen ties to the date an order of restitution is entered in the criminal case because the issue of restitution in the parallel criminal case is relevant to the terms of the judgments that the SEC will request in this case.

## CERTIFICATE OF SERVICE

I, James P. Connor, certify that on September 15, 2023, the foregoing was filed using the Court's CM/ECF system, which constitutes service upon all registered ECF users, including counsel for Defendant Vladislav Kliushin.  In addition, copies of the foregoing were sent to the other Defendants at the following email addresses:

| Defendant | Email Address |
| --- | --- |
| Nikolai Rumiantcev | nr@m13.su |
| Mikhail Irzak | mikka777@yahoo.com |
| Igor Sladkov | isladkov@mail.ru |
| Ivan Yermakov | i.s.ermakov@yandex.ru |

    /s/ James P. Connor
JAMES P. CONONR