UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION )<br>)<br>Plaintiff, )<br>v. )<br>)<br>VLADISLAV KLIUSHIN )<br>)<br>Defendant. )<br>) | Civ. Action No. 21-CV-12088 |

**RESPONSE TO PLAINTIFF'S MOTION TO REOPEN CASE AND LIFT PARTIAL STAY OF DISCOVERY**

Now comes the defendant Vladislav Klyushin, by and through undersigned counsel, and hereby respectfully submits his response to the Plaintiff's Motion to Reopen Case and Lift Partial Stay of Discovery, Dkt. 32.

The defense respectfully believes that it is premature to reopen the civil proceedings against Mr. Klyushin and that litigating summary judgment, at this point in time, may unnecessarily waste the Parties' and this Honorable Court's time and resources for the following reasons:

First, Mr. Klyushin's appeal from his criminal conviction is expected to resolve an issue of first impression that is directly relevant to the SEC's Complaint in this case: whether the government and/or the SEC can prosecute securities fraud based on stolen information not subject to any fiduciary or similar duty. Indeed, SEC's theory is not predicated on the classic or misappropriation theories of insider trading, but rather on a novel theory that has never been approved or adopted by the First Circuit or the Supreme Court. Rather than litigate the issue during summary judgment, the defense respectfully believes it would be more appropriate to

1

wait until the First Circuit addresses the issue.

Second, the defense understands the SEC's motion to state that it will move for summary judgement solely based on collateral estoppel. While some courts have permitted collateral estoppel to preclude the defense from litigating liability in a parallel civil proceeding following a criminal conviction that is up on appeal, *see SEC v. Weed*, 315 F. Supp. 3d 667, 674 (D. Mass. 2018), others have not, *see Rivera Rodriguez v. First Bank Puerto Rico*, 184 F. Supp. 2d 162, 168 (D.P.R. 2002). Regardless, there is a significant reason not to require the parties to litigate summary judgment now: if Mr. Klyushin's conviction is vacated, any judgment based on collateral estoppel would similarly be vacated. *See* Fed. R. Civ. P. 60(b)(5) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding … [if] it is based on an earlier judgment that has been reversed or vacated…"); *see also Erebia v. Chrysler Plastic Prods. Corp.,* 891 F.2d 1212, 1214 (6th Cir. 1989) ("[a] judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as *res judicata* and as collateral estoppel."). Additionally, Mr. Klyushin maintains his Fifth Amendment privilege and would be unable to marshal any facts in support of his defense. Requiring the Parties to litigate summary judgment prior to the conclusion of Mr. Klyushin's appeal may unnecessarily waste time and resources and could deny Mr. Klyushin due process.

Finally, reopening the civil case against Mr. Klyushin after the conclusion of his appeal will not seriously impede any interests of the SEC. To the extent that the SEC seeks to disgorge Mr. Klyushin's profits – those profits are already subject to forfeiture in the criminal case. Similarly, Mr. Klyushin's trading accounts have already been seized and forfeited through criminal proceedings. Any injunction that the SEC intends to seek precluding future violations of securities laws is presently unnecessary given that Mr. Klyushin remains incarcerated.

For all the foregoing reasons, the defense respectfully believes that this Honorable Court should not reopen the case against Mr. Klyushin until his appeal is decided.

Respectfully Submitted,

Vladislav Kliushin,
By His Attorney,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
menemtsev@gmail.com

Dated: September 19, 2023

## CERTIFICATE OF SERVICE

I, Maksim Nemtsev, hereby certify that on this date, September 19, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Maksim Nemtsev**
Maksim Nemtsev