UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br>            Plaintiff,<br><br>    v.<br><br>VLADISLAV KLIUSHIN (a/k/a VLADISLAV KLYUSHIN), *et al.*,<br><br>            Defendants. | Case No. 1:21-cv-12088-WGY |

**[PROPOSED] FINAL JUDGMENT**

Plaintiff U.S. Securities and Exchange Commission ("SEC") having filed a Complaint on December 20, 2021 and having moved for default judgment, and Defendants Nikolai Rumiantcev, a/k/a Nikolay Rumyantcev ("Rumiantcev"), Mikhail Irzak ("Irzak"), Igor Sladkov ("Sladkov"), and Ivan Yermakov, a/k/a Ivan Ermakov ("Yermakov") (collectively, "Defaulting Defendants"), having been properly served and having failed to answer, plead, or otherwise defend this action; a default having been entered against each of the Defaulting Defendants on July 13, 2022 (Dkt. 28, Clerk's Entry of Default); the Court having considered the entire record in this case, the Commission's motion for entry of a default judgment, and all of the supporting pleadings and evidence; and the Court having determined that each of the Defaulting Defendants is not an infant or incompetent person and is not in the military service of the United States; and for good cause shown, the Court hereby enters the following Order and Final Judgment:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. The Court has personal jurisdiction over Defaulting Defendants.

2. The Court has subject matter jurisdiction over this matter.

3. Venue is proper in this District.

4. The Commission is a proper party to bring this action seeking the relief sought in the Commission's Complaint.

5. Pursuant to the Federal Rules of Civil Procedure, Defaulting Defendants have been properly served and have had proper notice of this action. *See* Dkt. 13, 21.

6. As of the date of this Order, Defaulting Defendants have failed to answer or file any responsive pleading to the Complaint and otherwise failed to defend, as required by the Federal Rules of Civil Procedure.

7. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered the Default of Defaulting Defendants on July 13, 2022.

8. By their Default, Defaulting Defendants are deemed to have conceded the Complaint's well-pleaded allegations of liability. Thus, the Court finds that Defaulting Defendants committed the violations alleged in the Complaint.

9. The Court finds further that Defaulting Defendants reaped ill-gotten gains from their misconduct.

10. The Court finds further that it is appropriate to exercise discretion to enter a permanent injunction against Defaulting Defendants because there is a substantial likelihood that Defaulting Defendants will commit future securities law violations if not enjoined.

11. The Court further finds that it is appropriate in light of the facts and circumstances of this case to impose maximum treble penalties against Defaulting Defendants as allowable under Section 21A of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u-1].

12. The Court's findings are based on the Complaint and full record in this case, the

Commission's Motion for Default Judgment, and all evidence submitted in support thereof, including the Declaration of Connor Hurley and supporting exhibits. By perpetrating the fraudulent scheme, the Defaulting Defendants violated Section 17(a) Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] (Count I); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] (Count II); and Defendants Rumiantcev, Irzak, and Sladkov violated Securities Act Section 17(a), Exchange Act Section 10(b), and Rule 10b-5 pursuant to Exchange Act Section 20(b) (Count III), and by aiding and abetting violations of Securities Act Section 17(a) and Exchange Act Section 10(b) and Rule 10b-5 (Counts IV and V).

**THEREFORE, IT IS HEREBY ORDERED, ADJUSTED, AND DECREED** that Plaintiff's Motion for Default Judgment is **GRANTED**.

## I.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defaulting Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defaulting Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defaulting Defendants or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defaulting Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5], thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defaulting Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defaulting Defendants or with anyone described in (a).

**III.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defaulting Defendants Rumiantcev, Irzak, and Sladkov are liable for disgorgement of their ill-gotten gains resulting from the conduct alleged in the Complaint and supported by the additional evidence that the Commission submitted in support of its Motion for Default Judgment. Defaulting Defendants Rumiantcev, Irzak, and Sladkov are also liable for prejudgment interest on the disgorgement:

    (a) Defaulting Defendant Rumiantcev is liable for $2,192,460 in disgorgement and $397,947 in prejudgment interest;

    (b) Defaulting Defendant Irzak is liable for $10,023,605 in disgorgement and $1,978,122 in prejudgment interest; and

    (c) Defaulting Defendant Sladkov is liable for $50,864,250 in disgorgement and $9,768,297 in prejudgment interest.

The Court further imposes treble civil monetary penalties upon Defaulting Defendants in the following amounts pursuant to Section 21A of the Exchange Act [15 U.S.C. §§ 78u-1, 78u-1(a)(2)].

    (a) Defaulting Defendant Rumiantcev is liable for a monetary penalty of $6,577,380;

    (b) Defaulting Defendant Irzak is liable for a monetary penalty of $30,070,816;

    (c) Defaulting Defendant Sladkov is liable for a monetary penalty of $152,592,749; and

    (d) Defaulting Defendant Yermakov is liable for a monetary penalty of $365,771,703.

Defaulting Defendants shall satisfy their obligations by paying the amounts owed to the Securities and Exchange Commission within 30 day after entry of this Final Judgment.

Defaulting Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defaulting Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defaulting Defendants' name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defaulting Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defaulting Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defaulting Defendants.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court.  The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Defaulting Defendants shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____

_____
DISTRICT JUDGE WILLIAM G. YOUNG