UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br>                            Plaintiff,<br><br>v.<br><br>VLADISLAV KLIUSHIN (a/k/a VLADISLAV KLYUSHIN), *et al.*,<br><br>                            Defendants. | Case No. 1:21-cv-12088-DLC |

**PLAINTIFF'S UNOPPOSED MOTION TO REOPEN CASE AND ENTER JUDGMENT AGAINST DEFENDANT KLIUSHIN**

Plaintiff U.S. Securities and Exchange Commission ("SEC" or "Commission") respectfully submits this unopposed Motion to Reopen Case and Enter Judgment Against Defendant Kliushin. For the reasons set forth below and in the SEC's Motion for Summary Judgment and supporting materials (Dkt. Nos. 49-52, 58), the SEC respectfully requests that the Court reopen this case and enter against Defendant Kliushin the unopposed proposed final judgment attached as Exhibit A to resolve the pending Motion for Summary Judgment now that Defendant Kliushin's criminal appeal has been dismissed. The SEC conferred with counsel for Defendant, and, as explained further below, Defendant no longer opposes the SEC's Motion for Summary Judgment or entry of the proposed final judgment attached as Exhibit A.

## BACKGROUND

On December 20, 2021, the SEC filed its Complaint in this fraudulent "hack-to-trade" case, charging, *inter alia*, Defendant Kliushin with violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] (Claim I); Section 10(b) of the Securities

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] (Claim II); and Securities Act Section 17(a), Exchange Act Section 10(b), and Rule 10b-5 pursuant to Exchange Act Section 20(b) (Claim III) and by aiding and abetting (Claims IV and V). (Dkt. No. 1.) Defendant Kliushin waived service and filed an Answer to the Complaint on February 22, 2022. (*See* Dkt. Nos. 6, 10.)

On the same day the SEC filed the Complaint, a criminal Indictment was unsealed charging Defendants Kliushin, Yermakov, and Rumiantcev[1] with conspiracy to obtain unauthorized access to computers and to commit wire fraud and securities fraud in violation of 18 U.S.C. § 371 (Count I); wire fraud in violation of 18 U.S.C. §§ 1343 & 2 (Count II); unauthorized access to computers in violation of 18 U.S.C. §§ 1030(a)(4) & 2 (Count III); and securities fraud in violation of 15 U.S.C. §§ 78j(b) & 78ff(a), 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2 (Count IV). *United States v. Klyushin, et al.*, No. 21-cr-10104-PBS, Dkt. No. 8 (D. Mass.) ("Criminal Action")). The SEC's case was subsequently administratively closed, without prejudice, pending the outcome of the parallel Criminal Action. (Dkt. Nos. 27, 31.)

On February 14, 2023, after a 10-day trial in the Criminal Action, a jury found Defendant Kliushin guilty on all charges in the Indictment. (Criminal Action, Dkt. No. 203.) Defendant was subsequently sentenced to nine (9) years imprisonment, and the Court entered an Order of Forfeiture in the amount of $34,065,419.50 and an agreed Order of Restitution in the amount of $2,446,942.41, which were incorporated into an amended judgment entered on November 13, 2023. (Criminal Action, Dkt. Nos. 254, 266, 267.) Defendant subsequently appealed to the First Circuit. (*Id.* at Dkt. No. 258; *see United States v. Klyushin*, No. 23-1779 (1st Cir.).)

---

[1] Defendants Yermakov and Rumiantcev remain fugitives.

On September 20, 2023, upon the SEC's motion, this Court reopened this case, lifted the partial stay, and subsequently set deadlines for briefing on motions for default judgment and summary judgment. (*See* Dkt. Nos. 32, 35-40, 45, 48, 57.) On December 14, 2023, the SEC moved for default judgment against Defendants Nikolai Rumiantcev, a/k/a Nikolay Rumyantcev ("Rumiantcev"), Mikhail Irzak ("Irzak"), Igor Sladkov ("Sladkov"), and Ivan Yermakov, a/k/a Ivan Ermakov ("Yermakov") (collectively, "Defaulting Defendants").[2] (Dkt. Nos. 41, 42.) That motion remains pending.

On March 15, 2024, the SEC moved for summary judgment against Defendant Kliushin based on the doctrine of collateral estoppel. (Dkt. Nos. 49-52, 58.) The SEC argued that a jury convicted Defendant of securities fraud and other charges in the Criminal Action for the same

---

[2] The Court approved alternative service and deemed email service of the Complaint and Summons sufficient to effectuate service on the Defaulting Defendants under Federal Rule of Civil Procedure 4(f)(3). (*See* Dkt. Nos. 13, 21.) The SEC effected email service of the Complaint and Summons on the Defaulting Defendants in April 2021 without receiving any bounce-back notifications indicating that the emails were not delivered. (Dkt. No. 14) (Notice of Completion of Alternative Service by Email). After being served, Defaulting Defendants failed to file an Answer to the Complaint or otherwise appear in this case, and the Court approved the SEC's request for entry of default, which was entered on July 13, 2022. (Dkt. Nos. 26-28.) On December 14, 2023, the SEC moved for default judgment against the Defaulting Defendants. (Dkt. Nos. 41, 42.) The SEC served the Motion for Default Judgment and supporting materials on Defaulting Defendants via email as previously approved by the Court. (*See* Dkt. Nos. 13, 21.) Unlike when the SEC served the Summons and Complaint by email, the SEC received a bounce back to the email serving Defendant Yermakov with the Motion for Default Judgment, stating that delivery failed; the SEC did not receive a bounce back or substantive response to the emails sent to Defendants Rumiantcev, Irzak, or Sladkov. Because all of the Defaulting Defendants were properly served with the Complaint and Summons and subsequently failed to appear or provide any indication of an intent to defend, service of further filings or the application for default is not required, and the Motion for Default Judgment against all Defaulting Defendants is ripe for decision. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."); Fed. R. Civ. P. 55(b)(2); *cf. Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 352-56 (1st Cir. 1996) (explaining notice of a motion for default judgment is required when defendants have appeared).

unlawful conduct alleged in the SEC's Complaint, and, therefore, he was collaterally estopped from disputing those facts and corresponding liability in this case. (*See id.*)  The SEC requested that the Court enter summary judgment against Defendant, permanently enjoin him from future violations of the securities laws, and order disgorgement and prejudgment interest to be deemed satisfied by payment on the orders of forfeiture and restitution in the criminal case. (*See id.*)

Kliushin filed his Opposition on April 12, 2024. (*See* Dkt. No. 55.)  He argued summary judgment should be denied because (1) the SEC's theory of stock fraud was unprecedented and was pending before the First Circuit on appeal; (2) there was an improper finding of venue in the Criminal Action; and (3) the Criminal Action was submitted to the jury on a different theory of who was responsible for the hacking than was alleged in the SEC's case. (*Id.*)

On April 24, 2024, the SEC filed its Reply in support of its Motion for Summary Judgment, arguing that Defendant's response was an improper attempt to challenge jury findings and relitigate issues already litigated and decided by final judgment and that were the subject of his pending appeal in the Criminal Action, which was sufficiently consistent for collateral estoppel to apply. (Dkt. No. 58.)  The SEC highlighted that Defendant did not provide any evidence to dispute the statement of undisputed facts or that otherwise demonstrated the SEC's case did not involve the same issues and facts in the Criminal Action. (*Id.*)  Further, Defendant's Opposition was limited to issues applicable to liability and venue; he did not address the SEC's motion as to remedies or his affirmative defenses. (*Id.*)  Finally, applying the doctrine of collateral estoppel is fair and promotes judicial economy and other policy goals, and the pendency of an appeal does not bar application of the doctrine. (*Id.*)

On May 14, 2024, the Court ordered the parties to file a report as to whether this case should be stayed pending resolution of the appeal in the Criminal Action. (Dkt. No. 59.)  On

May 20, 2024, the SEC filed the parties' Joint Report Responding to May 14, 2024 Order, submitting that neither party opposed a stay of this case pending resolution of the Criminal Action. (*See* Dkt. No. 60.) On May 21, 2024, this case was administratively closed without judgment and without prejudice to either party moving to restore this case to the docket. (Dkt. Nos. 61, 62.) The Court ordered that the case may be reopened upon the motion of any party upon the decision of the First Circuit in the Criminal Action. (*Id.*)

On July 26, 2024, as part of a prisoner exchange among several countries, the President of the United States issued Defendant an Executive Grant of Clemency commuting Defendant's nine-year term of imprisonment to time served, and Defendant was released from custody. The Executive Grant of Clemency did not otherwise impact the conviction and final judgment in the Criminal Action, including the orders of forfeiture and restitution.

On August 8, 2024, the United States Attorney's Office filed a Notice of Executive Grant of Clemency to inform the First Circuit of the development, noting that one condition of the Grant of Clemency is that Defendant "shall waive and release any and all claims, demands, rights, and causes of action of whatsoever kind and nature against the United States of America, its agents, servants, and employees, including any actions challenging his conviction or sentence." *United States v. Klyushin*, No. 23-1779, Appellee Notice (1st Cir. Aug. 8, 2024). Defendant submitted a Letter regarding Grant of Clemency in which he represented that he "will not take further action on his appeal." *United States v. Klyushin*, No. 23-1779, Appellant Ltr. (1st Cir. Aug. 8, 2024).

On August 22, 2024, the First Circuit ordered the parties to file submissions addressing the impact of the commutation on the pending appeal and "in particular, whether the appeal should be dismissed in light of the commutation and defendant's representation with respect

5

thereto." *United States v. Klyushin*, No. 23-1779, Order of Court (1st Cir. Aug. 22, 2024).  On September 5, 2024, the Government responded that the appropriate resolution would be for Defendant to file a motion to dismiss the appeal, to which the Government would assent. *United States v. Klyushin*, No. 23-1779, Government's Resp. to the Court's August 22, 2024 Order (1st Cir. Sept. 5, 2024).  That same day, Defendant filed his response, informing the First Circuit that, to avoid any breach of the Grant of Clemency, including the condition requiring Defendant to waive and release any actions challenging his conviction and sentence, Defendant waived his appellate rights and moved to dismiss his appeal, while reserving his right to reinstate the appeal in the event commutation was voided by the government. *United States v. Klyushin*, No. 23-1779, Appellant's Resp. (1st Cir. Sept. 5, 2024).  On November 14, 2024, upon review of the parties' responses and relevant parts of the appellate and district court records, the Court dismissed the appeal, and on December 6, 2024, the mandate was entered. (Criminal Action, Dkt. Nos. 283, 284.)

In light of the terms of the Executive Grant of Clemency and dismissal of the appeal in the Criminal Action, Defendant no longer opposes the SEC's Motion for Summary Judgment or entry of the attached proposed final judgment in this case.  The attached proposed final judgment contains additional language the parties agreed to include that preserves Defendant's right to move to vacate the judgment and restore this case to an active docket in the event Defendant's criminal conviction is vacated in the Criminal Action.  *See* Ex. A.

## ARGUMENT

The Court should reopen the case and enter against Defendant Kliushin the unopposed proposed final judgment attached as Exhibit A to resolve the pending Motion for Summary Judgment now that Defendant Kliushin's criminal appeal has been dismissed.

First, this case may be reopened pursuant to this Court's May 21, 2024 Order because the impediment to resolution has been removed with the First Circuit's dismissal of Defendant's appeal in the Criminal Action.

Second, the Court should grant the SEC's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 because the motion and entry of judgment are now unopposed, and the SEC has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law. *See* Fed. R. Civ. P. 56(e)(3) (a court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it"); *Back Beach Neighbors Comm. v. Town of Rockport*, 605 F. Supp. 3d 243, 252 (D. Mass. 2022) ("It is well-settled that before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law," but it "may take as uncontested all evidence presented with the unopposed motion," and must view the record in a light most favorable to the nonmoving party) (internal citations and quotation marks omitted).

As set forth in the SEC's Motion for Summary Judgment and supporting materials, Defendant is collaterally estopped from relitigating the facts and liability upon which his criminal conviction was based because he was convicted by a jury in the parallel Criminal Action of securities fraud and other charges for the same unlawful conduct and securities law provisions alleged in the SEC's Complaint. In addition, the Court ordered forfeiture and restitution that satisfy disgorgement here based on the arguments and evidence of the parties in that case. Moreover, Defendant's appeal has since been dismissed, and he no longer opposes the SEC's Motion for Summary Judgment and entry of judgment. The Executive Grant of

Clemency and dismissal of the appeal did not disrupt Defendant's conviction or the orders of forfeiture and restitution. Accordingly, there is no genuine dispute of material fact with respect to Defendant's securities law violations or opposition to the SEC's requested remedies, and the Court should grant the SEC's Motion.

## CONCLUSION

For the forgoing reason and good cause shown, the Court should reopen the case, enter summary judgment against Defendant, and enter the proposed final judgment attached as Exhibit A.

Dated: May 21, 2025                             Respectfully submitted,

                                                           /s/ *Jennifer L. Farer*
                                                           Jennifer L. Farer
                                                           James P. Connor
                                                           U.S. SECURITIES AND EXCHANGE COMMISSION
                                                           100 F Street, N.E., Washington, DC 20549
                                                           Tel: (202) 551-5072 (Farer)
                                                           farerj@sec.gov

                                                           *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Jennifer L. Farer, certify that on May 21, 2025, the foregoing was filed using the Court's CM/ECF system, which constitutes service upon all registered ECF users, including counsel for Defendant Vladislav Kliushin.  In addition, copies of the foregoing were sent to the Defaulting Defendants at the following email addresses[3]:

| Defendant | Email Address |
|---|---|
| Nikolai Rumiantcev | nr@m13.su |
| Mikhail Irzak | mikka777@yahoo.com |
| Igor Sladkov | isladkov@mail.ru |
| Ivan Yermakov | i.s.ermakov@yandex.ru |

 /s/ *Jennifer Farer*
Jennifer L. Farer

---

[3] The Court approved email service on Defendants Rumiantcev, Irzak, Sladkov, and Yermakov using the identified email addresses.  (Dkt. Nos. 13, 21.)  The SEC now receives bounce back notifications stating that delivery of emails sent to Defendant Yermakov failed.  However, "[n]o service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2).