UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　Plaintiff,<br><br>v.<br><br>VLADISLAV KLIUSHIN (a/k/a VLADISLAV KLYUSHIN), *et al.*,<br><br>　　　　　Defendants. | Case No. 1:21-cv-12088-WGY |

## [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT VLADISLAV KLIUSHIN

The U.S. Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint and moved for summary judgment; Defendant Vladislav Kliushin (a/k/a Vladislav Klyushin) having entered a general appearance, filed an Answer, and submitted that he no longer opposes the SEC's Motion for Summary Judgment and the Court's entry of final judgment; the Court having considered the entire record in this case, the Commission's Motion for Summary Judgment, and all of the supporting pleadings and evidence and any opposition thereto; and for good cause shown, the Court hereby enters the following Order and Final Judgment.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Court has personal jurisdiction over Defendant.
2. The Court has subject matter jurisdiction over this matter.
3. Venue is proper in this District.
4. The Commission is a proper party to bring this action seeking the relief sought in the Commission's Complaint filed on December 20, 2021. *See* Dkt. No. 1.
5. Pursuant to the Federal Rules of Civil Procedure, Defendant waived service, has

had proper notice of this action, and filed an Answer to the Complaint. Dkt. Nos. 6, 10.

6. Defendant was charged and convicted by a jury in a parallel criminal case for securities fraud and other charges for the same unlawful conduct alleged in the SEC's Complaint. *United States v. Klyushin, et al.*, No. 21-cr-10104-PBS (D. Mass.) ("Criminal Action"). Defendant subsequently appealed.

7. On July 26, 2024, the President of the United States issued Defendant an Executive Grant of Clemency in which he commuted Defendant's nine-year term of imprisonment to time served. The Executive Grant of Clemency did not otherwise impact the conviction and final judgment in the Criminal Action, including the orders of forfeiture and restitution. To avoid any breach of the Grant of Clemency, including the condition requiring Defendant to waive and release any actions challenging his conviction and sentence, Defendant waived his appellate rights and moved to dismiss his appeal, while reserving his right to reinstate the appeal in the event commutation was voided by the government. On November 14, 2024, Defendant's appeal was dismissed, and on December 6, 2024, the mandate was entered.

8. The requirements for collateral estoppel are satisfied: the underlying conduct and charges in the Criminal Action are the same as alleged in the SEC's Complaint; the material facts and issues were actually litigated and determined and incorporated into a valid and binding judgment; and such determination was essential to the judgment. Defendant is, therefore, estopped from relitigating the facts and liability, as well as the facts and issues relating to the forfeiture and restitution orders entered in the Criminal Action.

9. The Court finds there is no dispute of material fact, and that Plaintiff is entitled to judgment as a matter of law.

10. The Court finds that Defendant reaped ill-gotten gains from his misconduct.

2

11. The Court finds further that it is appropriate to exercise discretion to enter a permanent injunction against Defendant because there is a substantial likelihood that Defendant will commit future securities law violations if not enjoined.

12. The Court's findings are based on the Complaint and full record in this case, the Commission's Motion for Summary Judgment, Statement of Undisputed Material Facts, and all evidence submitted in support thereof, including the Statement of Declaration of Connor Hurley and supporting exhibits, and any opposition to the SEC's Motion. By perpetrating the fraudulent scheme, Defendant violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] (Claim I); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] (Claim II); and Securities Act Section 17(a), Exchange Act Section 10(b), and Rule 10b-5 pursuant to Exchange Act Section 20(b) (Claim III) and by aiding and abetting (Claims IV and V).

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Summary Judgment is **GRANTED**.

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from, directly or indirectly, engaging in conduct in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in

light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from, directly or indirectly, engaging in conduct in violation of Section 10(b) of Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder through or by means of Defendant Yermakov in violation of Section 20(b) of the Exchange Act.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of his ill-gotten gains resulting from the conduct alleged in the Complaint and prejudgment interest on the disgorgement in the total amount of $52,546,548. Defendant's liability for disgorgement and prejudgment interest shall be deemed satisfied by payment on the orders of forfeiture and restitution in the Criminal Action in the total amount of $36,512,361.91.

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice. This Final Judgment shall remain in full force and effect unless and until Defendant's criminal conviction is vacated in *United States v. Klyushin, et al.*, No. 21-cr-10104-PBS (D. Mass.), at which time, upon motion by the Defendant and/or the SEC, Final Judgment will be vacated, and this action will be restored to an active docket.

Dated: *May 22, 2025*

_____
DISTRICT JUDGE WILLIAM G. YOUNG